IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION A. TEMPLE,<br>        Petitioner,<br>vs.<br>BRIAN V. COLEMAN,<br>        Respondent. | ) <br>) <br>) Civil Action No. 12-1517<br>) <br>) Judge David S. Cercone/<br>) Magistrate Judge Maureen P. Kelly<br>) |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended the "Petition for Writ of Habeas Corpus 2254" (the "Petition"), ECF No. 1-1, be dismissed prior to being served for failing to state a claim because, rather than challenge the validity of his sentence or conviction, Petitioner is challenging the conditions of his confinement, and such challenges are not cognizable by means of a habeas petition in federal court.

**II. REPORT**

Dion A. Temple ("Petitioner") is a state prisoner housed in the State Correctional Institution at Fayette ("SCI-Fayette"). He is an experienced pro se litigator, having filed between February, 2010 and October, 2012, at least thirteen cases in the United States District Courts located in Pennsylvania. Petitioner now seeks, by way of this Petition to challenge the conditions of his confinement, namely, the allegedly wrongful placement of Petitioner in the Restricted Housing Unit ("RHU") under Administrative Custody, after having finished his time serving Disciplinary Custody for a misconduct violation. ECF No. 1-1 at 1. Because Petitioner cannot use a habeas petition to challenge his allegedly improper placement in the

RHU, this Petition must be dismissed prior to being served upon the Respondent.

A.  RELEVANT PROCEDURAL HISTORY

On October 19, 2012, the Clerk's Office received the Petition. Petitioner complained about his being placed in the RHU under Administrative Custody. He complained that certain procedures, as required under state law, were not complied with. ECF No. 1-1 at 1. Petitioner alleged that "Petitioner is being detained unlawfully for the following reasons . . . Petitioner doesn't pose a threat to anyone or himself. . . . There's no explanation for detainment under AC status. . . . Unlawful detainment. All in [sic] which is a violation under the 14th Amendment of the U.S. Const. of America. Wherefore Petitioner requests a hearing . . . to test the validity of my detainment of AC status." ECF No. 1-1 at 2.

Because it appears to this Court that Petitioner clearly intended to file a Section 2254 habeas petition, the Court will treat the current filing as constituting a petition for writ of habeas corpus.[1] The Court does so because Petitioner asserts that he is challenging illegal "detainment" or custody, and, apparently believes that habeas is the proper procedure by which to do so, and because even a pro se litigant is master of his own case, Castro v. United States, No. 10–5199, 2011 WL 2221179, at *2 (D.N.J. May 31, 2011), aff'd, 448 F.App'x 167 (3d Cir. 2011), and because this Court is aware of the difficulties involved when a Court *sua sponte* converts a habeas petition into a civil rights action or vice versa.[2]

---

[1] We note that the Clerk's Office coded the present case as a prisoner civil rights case for statistical purposes. This coding is without legal significance to the substantive content of the Petition.

[2] Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000) ("[W]e have recognized that converting a case from one kind of action to another can have consequences that the prisoner may not have anticipated. Reclassifying an action for civil damages as a collateral attack may
(…footnote continued)

Treating the instant filing as a habeas petition, this Court recommends dismissal on the ground that Petitioner raises a claim that is not cognizable in habeas because Petitioner does not seek to attack his criminal conviction or the sentence or its implementation. Rather, Petitioner complains about the conditions of his confinement. Specifically, he complains about the Respondent and the Respondent's agents, who are wrongfully housing Petitioner in the RHU at SCI-Fayette.

B.   DISCUSSION

The Petition has not been served yet but pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254,[3] this Court may dismiss the Petition if it plainly appears on its face that the Petitioner is not entitled to relief in a habeas corpus proceeding. The Court concludes that it plainly appears from the face of the Petition, that Petitioner's claims are not cognizable in habeas.

The clear rule of law in the Third Circuit is that a habeas petition may not be used by a state prisoner to challenge the conditions of his confinement. See, e.g., Leamer v. Fauver, 288

---

bring the prohibition of successive petitions into play; the opposite conversion may require the prisoner's trust account to be tapped for filing fees . . ."). Here, because there is no issue of statute of limitations regarding Petitioner's claim, the effect of dismissing this present habeas petition without prejudice to Petitioner filing a civil rights action has no adverse consequences to Petitioner.

[3]   Because Rule 4, permitting pre-service dismissal of habeas petitions applies to both Section 2254 and Section 2241 petitions, it is unnecessary to resolve whether the present Petition is properly characterized as having been filed under Section 2254 or Section 2241. In either case, it is dismissible pre service as raising a claim that is not cognizable in federal habeas proceedings. Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to
(…footnote continued)

3

F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'–
the validity of the continued conviction or the fact or length of the sentence– a challenge,
however denominated and regardless of the relief sought, must be brought by way of a habeas
corpus petition. Conversely, when the challenge is to a condition of confinement such that a
finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §
1983 is appropriate"); Spruill v. Rosemeyer, 36 F.App'x 488, 489 (3d Cir. 2002) ("There are no
material differences for purposes of this appeal between appellant's claims– that prison officials
wrongfully disciplined him by placing him in segregated housing for one month and transferring
him to a higher security prison in retaliation for exercising his First Amendment Rights– and the
claims in *Leamer*. The appellant challenges the conditions of his confinement, not the fact or
duration thereof, and such a challenge could not have been brought by means of a habeas
action."); Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) ("We have adopted a simple
bright line rule for resolving such questions. If a favorable determination . . . would not
automatically entitle [the prisoner] to accelerated release, the proper vehicle is a § 1983 suit.")
(citations and internal quotations omitted). Here, even if Petitioner were successful in
establishing that his constitutional rights were violated by the actions of the Respondent and his
agents in allegedly placing Petitioner in the RHU without adequate procedural protections,
because such a favorable termination of this action would not necessarily alter Petitioner's
sentence or undo his conviction within the meaning of Spruill v. Rosemeyer, the Petition should
be dismissed for raising claims that are not cognizable within habeas proceedings. Bronson v.
Demming, 56 F.App'x 551, 553-54 (3d Cir. 2002) (wherein the Court held that a prisoner

---

petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254.").

seeking, via habeas, to challenge his placement in the RHU and seeking to be placed in a general population could not do so and holding that "In this case, Bronson wishes to be released from one type of confinement to another. No matter what the outcome of Bronson's habeas petition, neither the fact nor the length of his incarceration will be affected. Habeas relief is therefore unavailable."). Because release from the RHU to the general population would not effectuate a change in the length of Petitioner's incarceration, we find that Petitioner may not proceed by way of habeas.

Accordingly, the Petition must be dismissed pre-service for failing to state a claim that is cognizable in habeas proceedings. Such a dismissal, of course, would be without prejudice to Petitioner filing a prisoner civil rights action raising the claim that he is wrongfully being placed in the RHU.

Because reasonable jurists would not disagree with the foregoing, a certificate of appealability should be denied to the extent one would be required.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                                s/Maureen P. Kelly
                                                                MAUREEN P. KELLY
                                                                U.S. MAGISTRATE JUDGE

Date:   November 5, 2012

cc:      The Honorable David S. Cercone
         United States District Judge

         Dion A. Temple
         HF-5212
         SCI Fayette
         Box 9999
         LaBelle, PA 15450